UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHAUNCEY LEON WATKINS, Jr., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17-CV-2041 NAB |
| | ) |
| WALGREENS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Chauncey Leon Watkins, Jr. (registration no. 32957), an inmate at St. Louis County Justice Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay an initial partial filing fee at this time, and the Court will not assess one. Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. Plaintiff has a negative account balance at this time. Accordingly, the Court will not assess an initial partial filing fee at this time.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.*

at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

### The Complaint

Plaintiff, an inmate at the St. Louis County Justice Center, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are Walgreens and two Walgreens employees: Carolyn Buckner and Christine Lynn Reed.

Plaintiff asserts that defendants "failed to abide by [Walgreens'] policies and attacked [him]." Plaintiff further asserts that Walgreens violated his rights and falsely accused him. Plaintiff has not included any additional facts relating to the events described in his complaint.

Plaintiff seeks over one million dollars in damages in this action.

### Discussion

Section 1983 imposes liability on **government actors** acting under color of state law. 42 U.S.C. § 1983. (emphasis added). "Private actors may incur section 1983 liability only if they are willing participants in a joint action with public servants acting under color of state law." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536 (8th Cir.1999). To state a claim against a private actor under § 1983, a plaintiff "must establish, at the very least, an agreement or meeting of the minds between the private and state actors, and a corresponding violation of the plaintiffs' rights under the Constitution or laws of the United States." *Id.*

Walgreens is a private corporation, and defendants Reed and Buckner and employees of Walgreens. None of the defendants in this action are government actors or are alleged to be participants in a joint action with government actors. Plaintiff's complaint, therefore, is subject to dismissal. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

### The Complaint

Plaintiff, an inmate at the St. Louis County Justice Center, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are Walgreens and two Walgreens employees: Carolyn Buckner and Christine Lynn Reed.

Plaintiff asserts that defendants "failed to abide by [Walgreens'] policies and attacked [him]." Plaintiff further asserts that Walgreens violated his rights and falsely accused him. Plaintiff has not included any additional facts relating to the events described in his complaint.

Plaintiff seeks over one million dollars in damages in this action.

### Discussion

Section 1983 imposes liability on **government actors** acting under color of state law. 42 U.S.C. § 1983. (emphasis added). "Private actors may incur section 1983 liability only if they are willing participants in a joint action with public servants acting under color of state law." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536 (8th Cir.1999). To state a claim against a private actor under § 1983, a plaintiff "must establish, at the very least, an agreement or meeting of the minds between the private and state actors, and a corresponding violation of the plaintiffs' rights under the Constitution or laws of the United States." *Id.*

Walgreens is a private corporation, and defendants Reed and Buckner and employees of Walgreens. None of the defendants in this action are government actors or are alleged to be participants in a joint action with government actors. Plaintiff's complaint, therefore, is subject to dismissal. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff is not responsible for paying an initial partial filing fee in this action.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this   31st   day of August, 2017.

/s/ Jean C. Hamilton

JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE